UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| INEZ QTAISH, *Plaintiff*, v. ROHAN LAW FIRM, LLC, *Defendant*. | Civil Action No. 1:24-cv-3623 (CJN) |

# ORDER

Pro se plaintiff Inez Qtaish sued a law firm that represented her in a worker's compensation matter, asserting claims for "legal malpractice" and "fraud." ECF No. 1 at 3–4; *see also* ECF No. 11-2. The firm promptly moved to dismiss for lack of federal jurisdiction and failure to state a claim. *See* ECF No. 11.

After more than two months had elapsed and Qtaish still had not responded to the law firm's motion—despite her previously having moved to transfer the case to a district court in Iowa, *see* ECF No. 9—the Court entered a *Fox* order advising Qtaish of the consequences of failing to respond and directing her to do so by May 15, 2025. *See* ECF No. 15; *see also Fox v. Strickland*, 837 F.2d 507 (D.C. Cir. 1988) (per curiam). The same day, the Court ordered Qtaish to file by April 30 any reply in support of her motion to transfer, which the firm had opposed. *See* Min. Order of Apr. 18, 2025; ECF No. 14.

Qtaish neither responded to the law firm's motion to dismiss nor replied in support of her motion to transfer, and also did not request an extension of time in which to do so. Indeed, Qtaish

1

has not submitted any further filings in this matter. Her most recent filing, the motion to transfer, came in February 2025. ECF No. 9.

"[I]n view of the entire procedural history of the case," the Court finds that Qtaish "has not manifested reasonable diligence in pursuing" her claims. *Bomate v. Ford Motor Co.*, 761 F.2d 713, 714 (D.C. Cir. 1985). The Court will accordingly dismiss Qtaish's case under Rule 41(b) for failure to prosecute.[1] *Id.*; *see also Peterson v. Archstone Communities LLC*, 637 F.3d 416, 418 (D.C. Cir. 2011) ("District courts have inherent power to dismiss a case *sua sponte* for a plaintiff's failure to prosecute . . . ."). In keeping with the "default rule" in this court, the Rule 41(b) dismissal shall be without prejudice. *Robinson v. Hemingway*, 2023 WL 8369934, at *2 (D.D.C. 2023) (citing Local Civil Rule 83.23).

For the foregoing reasons, it is hereby

**ORDERED** that this case is **DISMISSED** without prejudice; and it is further

**ORDERED** that Defendant's Motion to Dismiss, ECF No. 11, and Plaintiff's Motion to Transfer, ECF No. 9, are **DENIED AS MOOT**; and it is further

**ORDERED** that Plaintiff's Motion for Leave to Proceed In Forma Pauperis, ECF No. 2, is **DENIED AS MOOT** in light of both the dismissal of this case and the fact that Plaintiff paid the filing fee.

This is a final and appealable Order.

---

[1] In its *Fox* order, the Court instructed Qtaish that, if she did not timely respond to the motion to dismiss, the Court would "treat [it] as conceded." ECF No. 15 at 2. Local Civil Rule 7(b) expressly permits that step, and courts in this district "regularly" take it. *MacLeod v. United States Dep't of Homeland Sec.*, 2017 WL 4220398, at *9 (D.D.C. 2017). But "treating an unopposed motion to dismiss as conceded" is more "draconian" than dismissing for failure to prosecute, because the former "will often operate as an adverse adjudication of the dispute on the merits." *Robinson v. Hemingway*, 2023 WL 8369934, at *2 (D.D.C. 2023). In light of Qtaish's pro se status, the Court will dismiss under Rule 41(b) so as to "leave [her] in the same position as if th[is] action . . . were never filed." *Id.*

The Clerk of Court is directed to terminate this case.

DATE: May 24, 2025

_____
CARL J. NICHOLS
United States District Judge